UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION

**WILLIAM WAYNE TUCKER,**

    **Plaintiff,**

v.                                            Case No. 5:20cv187-TKW-MJF

**JULIE L. JONES, et al.,**

    **Defendants.**

_____/

## ORDER

This case[1] is before the Court based on the magistrate judge's Report and Recommendation (Doc. 22) and Plaintiff's objections (Doc. 28). The objections, like Plaintiff's other filings in this case, are inordinately long (245 single-spaced paragraphs spanning 34 pages with virtually no left or right margins) and are difficult to read because they are handwritten in the equivalent of a 10-point or less font. The Court has done its best to discipher the objections, but Plaintiff is cautioned that future filings written in this manner may be stricken as illegible.

Based on the Court's de novo review of the issues raised in the objections pursuant to Fed. R. Civ. P. 72(b)(3), the Court agrees with the magistrate judge's

---

[1] This case was filed in the Pensacola Division and assigned case number 3:19cv1713-RV-EMT, but it was assigned its current case number after being transferred to the Panama City Division. *See* Doc. 26.

determination that all the claims asserted by Plaintiff due to be dismissed, with the exception of certain Eighth Amendment claims against Centurion, Dr. Hosseini, Angela Gaskin and Brenda Patterson in "Claim Seven" and "Claim Eight" of the Second Amended Complaint. The allegations in these Claims that Plaintiff was denied necessary medical treatment (namely Ensure supplement drinks and a 4,000 calorie diet) because of cost containment polices rather than medical reasons distinguishes this case (at least at the initial screening stage) from the recent case in which this Court dismissed similar claims made by Plaintiff concerning the alleged denial of this treatment at a different prison. *See Tucker v. Jones*, Case No. 5:17cv280-TKW-HTC, 2019 WL 4396151, at *8 (N.D. Fla. June 19, 2019), *report and recommendation adopted by* 2019 WL 4394746 (N.D. Fla. Sep. 13, 2019), *appeal dismissed by* 2020 WL 1846984, at *1 (11th Cir. Feb. 13, 2020).

Accordingly, it is **ORDERED** that:

1. Plaintiff's objections (Doc. 28) are overruled, and the magistrate judge's Report and Recommendation (Doc. 22) is adopted and incorporated by reference in this Order.

2. Plaintiff's claims against Gilead Sciences, Inc. are **DISMISSED without prejudice** to Plaintiff's bringing those claims in a separate civil action.

3. Plaintiff's claims against the remaining Defendants are **DISMISSED with prejudice** pursuant to 28 U.S.C. §1915(e)(2)(B) because they are

frivolous, fail to state a claim upon which relief may be granted, and/or seek monetary relief against a defendant who is immune from such relief, with the exception of the following claims:

a. Plaintiff's Eighth Amendment claims for declaratory relief and monetary damages against Centurion and Dr. Hosseini for failing to provide Ensure supplement drinks, as asserted in "Claim Seven" of the Second Amended Complaint; and

b. Plaintiff's Eighth Amendment claim for declaratory relief against Angela Gaskins and Brenda Patterson for discontinuing the 4,000-calorie prescription diet option, as asserted in "Claim Eight" of the Second Amended Complaint.

4. This case is remanded to the magistrate judge for further proceedings on <u>only</u> those claims identified in paragraphs 3.a. and 3.b. above.

**DONE and ORDERED** this 27th day of July, 2020.

*T. Kent Wetherell, II*

**T. KENT WETHERELL, II**
**UNITED STATES DISTRICT JUDGE**