UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION

Provided To __PmOlA__
On __10/20/20__
For Mailing, by __

# CIVIL RIGHTS COMPLAINT FORM
## TO BE USED BY PRISONERS IN ACTIONS UNDER 42 U.S.C. § 1983

**FOURTH AMENDED COMPLAINT**

**WAYNE WILLIAM TUCKER**,

Inmate ID Number: **987625**,

v.

CASE NO: **5:20-cv-187-TKW/MJF**

CENTURION HEALTH SERVICES, Inc.,
DR. S. Hosseini,
Brenda Patterson,
Angela Gaskins,
_____

(Enter name and title of each Defendant.
If additional space is required, use the
blank area below and directly to the right.)

**ANSWER ALL QUESTIONS ON THE FOLLOWING PAGES:**

FILED USDC FLND TL
OCT 26 '20 AM 9:38

## I. PLAINTIFF:

State your <u>full name</u>, inmate number (if applicable), and full mailing address in the lines below.

Name of Plaintiff: Wayne William Tucker
Inmate Number: 987625
Prison or Jail: Tomoka Correctional Institution
Mailing address: 3950 Tiger Bay Road
Daytona, Florida 32124

## II. DEFENDANT(S):

State the <u>name</u> of the Defendant in the first line, official position in the second line, place of employment in the third line, and mailing address. Do the same for <u>every</u> Defendant:

(1) Defendant's name: _____
    Official position: _____
    Employed at: _____
    Mailing address: _____

(2) Defendant's name: Centurion Health Services Inc, Individually and in their official Capacity.
    Official position: Medical Contractors for/with The Florida Department of Corrections
    Employed at: Subcontracts Medical Department Responsibilities for/at Apalachee C.I. East Unit
    Mailing address: 1203 Governor Square Blvd Suite 600
    Tallahassee, Florida 32301

(3) Defendant's name: S. Hosseini, Individually and in his official Capacity.
    Official position: Doctor/Chief Health Officer/Medical Director over Plaintiff's medical Treatment.
    Employed at: Apalachee C.I. East Unit by Centurion Health Services, Inc.,
    Mailing address: 35 Apalachee Drive,
    Sneads, Florida 32460.

**ATTACH ADDITIONAL PAGES HERE TO NAME ADDITIONAL DEFENDANTS**

See Continuation to Page # 2a

2

(4) Defendant's Name: Brenda Patterson Individually and in her official Capacity.
   Official position: Lead Public Health Nutrition Consultant over Special Diet Prescription order/Adult Diet master menu.
   Employed at: Florida Department of Corrections
   Mailing address: 501 S. Calhoun Street,
                    Tallahassee, Florida 32399-2800

(5) Defendant's Name: Angela Gaskins, Individually and in her official Capacity.
   Official position: Bureau cheif over Special Diet Prescription order/Adult Diet master menu.
   Employed at:
   Mailing address:


All the above Defendant's acted Under the Color of State law requirements.

2a

III.   **EXHAUSTION OF ADMINISTRATIVE REMEDIES**

**Exhaustion of administrative remedies is required prior to pursuing a civil rights action regarding conditions or events in any prison, jail, or detention center. 42 U.S.C. § 1997e(a). Plaintiff is warned that any claims for which the administrative grievance process was not completed prior to filing this lawsuit may be subject to dismissal.**

IV.   **PREVIOUS LAWSUITS**

NOTE: FAILURE TO DISCLOSE **ALL** PRIOR CIVIL CASES MAY RESULT IN THE DISMISSAL OF THIS CASE. IF YOU ARE UNSURE OF ANY PRIOR CASES YOU HAVE FILED, THAT FACT MUST BE DISCLOSED AS WELL.

   A.   Have you initiated other actions in **state court** dealing with the same or similar facts/issues involved in this action?
   Yes( )          No(X)

   1. Parties to previous action:
      (a) Plaintiff(s): _____N/A_____
      (b) Defendant(s): _____N/A_____
   2. Name of judge: __N/A__   Case #: __N/A__
   3. County and judicial circuit: __N/A__
   4. Approximate filing date: __N/A__
   5. If not still pending, date of dismissal: __N/A__
   6. Reason for dismissal: __N/A__
   7. Facts and claims of case: __N/A__
   __N/A__

   **(Attach additional pages as necessary to list state court cases.)**

   B.   Have you initiated other actions in **federal court** dealing with the same or similar facts/issues involved in this action?

   Yes( )          No(X)

   1. Parties to previous action:
      a. Plaintiff(s): __N/A__
      b. Defendant(s): __N/A__
   2. District and judicial division: __N/A__
   3. Name of judge: __N/A__   Case #: __N/A__
   4. Approximate filing date: __N/A__
   5. If not still pending, date of dismissal: __N/A__
   6. Reason for dismissal: __N/A__

3

7. Facts and claims of case: __N/A__

(Attach additional pages as necessary to list other federal court cases.)

C. Have you initiated other actions (*besides those listed above in Questions (A) and (B)*) in **either state or federal court** that relate to the fact or manner of your incarceration (including habeas corpus petitions) or the conditions of your confinement (including civil rights complaints about any aspect of prison life, whether it be general circumstances or a particular episode, and whether it involved excessive force or some other wrong)?

(Yes) X)          No( )

If YES, describe each action in the space provided below. If more than one action, describe all additional cases on a separate piece of paper, using the same format as below.

1. Parties to previous action:
   a. Plaintiff(s): __Wayne William Tucker__
   b. Defendant(s): __Secretary Florida Dept of Corrections__
   __United States District Court for the Middle District of__
2. District and judicial division: __Florida, Fort Myers Division__
3. Name of judge: __Marcia Morales Howard__   Case #: __2:03-cv-470-FtM-4DNF__
4. Approximate filing date: __August 12, 2003__
5. If not still pending, date of dismissal: __March 31, 2009__
6. Reason for dismissal: __§2254 Petition Denied and dismissed with Prejudice__
7. Facts and claims of case: __§2254 Federal Habeas Corpus Petition, Facts Stated !__
   __2009 U.S. Dist. LEXIS 27641__

(Attach additional pages as necessary to list cases.)
See [Continuation to Page #4a]

D. Have you ever had any actions in **federal court** dismissed as frivolous, malicious, failing to state a claim, or prior to service? If so, identify each and every case so dismissed:

(Yes) X)          No( )

1. Parties to previous action:
   a. Plaintiff(s): __Wayne William Tucker__
   b. Defendant(s): __Julie L. Jones, et al.,__
   __U.S. District Court, Northern District of Florida,__
2. District and judicial division: __Panama City Division__
3. Name of judge: __T. Kent Wetherell, II,__   Case Docket # __5:17-cv-280-TKW-HTC,__
4. Approximate filing date: __11-07-2017__   Dismissal date: __9-13-2019__
5. Reason for dismissal: __Dismissed with prejudice pursuant to 28 U.S.C. §1915A(b)(1)__

4

[Page: 4a Continuation]

1. Parties to previous action:
   a. Plaintiff(s): Wayne William Tucker
   b. Defendant(s): Julie L. Jones, et.al.,
2. District and judicial division: United States District Court Northern District of Florida, Panama City Division
3. Name of Judge: T. Kent Wetherell, II, United States District Judge.   Case NO: 5:17-cv-280-TKW-HTC.
4. Approximate filing date: 11-07-2017
5. If not still pending date of dismissal: 9-13-2019.
6. Reasons for dismissal: Dismissed with prejudice pursuant to 28 U.S.C. §1915 A(b)(i)
7. Facts and claims of Case: 42 U.S.C. §1983 civil rights Complaint, deliberate indifference of medical needs and Treatments, and manufactures product liability, design-defect, failure to warn, negligence laws.


1. Parties to previous action:
   a. Plaintiff(s): Wayne William Tucker
   b. Defendant(s): Mark S. Inch, et.al.,
2. District and judicial division: United States District Court Northern District of Florida, Panama City Division,
3. Name of Judge: T. Kent Wetherell, II, United States District Judge.   Case NO: 5:18-cv-96-TKW-HTC
4. Approximate filing date: 4-10-2018
5. If not still pending date of dismissal: _____
6. Reasons for dismissal:
7. Facts and claims of Case: 42 U.S.C. §1983 civil rights Complaint. Failing to keep Plaintiff an Elderly inmate safe from harm. Placing him with JitterBug Gang members who assaulted him with a knife and stole all of his personal property.

4a

6. Facts and claims of case: ___N/A___

**(Attach additional pages as necessary to list cases.)**

## V. STATEMENT OF FACTS:

State briefly the FACTS of this case. Describe how <u>each</u> Defendant was involved and what each person did or did not do which gives rise to your claim. In describing what happened, state the names of persons involved, dates, and places. <u>Do not make any legal arguments or cite to any cases or statutes.</u> You must set forth separate factual allegations in separately numbered paragraphs. You may make copies of this page if necessary to supply all the facts. Barring extraordinary circumstances, no more than five (5) additional pages should be attached. **(If there are facts which are not related to this same basic incident or issue, they must be addressed in a separate civil rights complaint.)**

2. CLAIM SEVEN: DEFENDANTS CENTURION HEALTH SERVICES INC., DR. S. HOSSEINI, DELIBERATE INDIFFERENCE/INADEQUATE MEDICAL CARE, EIGHTH AND FOURTEENTH (8th, 14th) AMENDMENT VIOLATIONS.

3. In Year 1998 Plaintiff was diagnosed with acquired immune-dificiency syndrome. I was sent to Central Florida Reception Center (CFRC) in Orlando Florida to see Several Specialist and Doctors for the Medical Treatment, including but not limited to: DR. Mutch, DR. Prochet, DR. Rochtine. The Two Specialist Doctors (John Doe 1, John Doe 2) started me on Antiretroviral medications and Prescribed to me as a part of my medical Treatment to prevent Lipoatrophy and severe weight loss: Ensure High Protein Supplemental Drinks Two(2) cans x Three (3) times a day, which also helps to repair muscle tissue and muscle deteriation, which is documented in my medical file, and are severe side effects of my chronic illness HIV, and of my Antiviral medications Complera and Odefsey.

4. On 10-7-1998 Plaintiff was Transfered to Zephyrhills C.I. It took several years to get the HIV under control and gain back some of my weight. Around Year 2010 I had an undetectable Viral load and my CD4 count was 1299 and normal to fight off infections.

5. On 1-30-2013 I was Transfered to Everglades C.I., I had an undetectable Viral load. While at Everglades C.I. In Year 2014 I was seen by a Specialist Doctor (Jane Doe) from the Miami Florida Department of Health who changed my medication to "Complera", A Three (3) Drug Combination of: 1. Emtricitabine 200 mg (FTC); 2. Rilpivirine 25mg (RPV); 3. Tenofovir disoproxil fumarate 300mg (TDF).

5

6. On 6-29-2018 my Antiviral medication was changed to ODEFSEY: A Three Drug Combination of: 1: Emtricitabine 200 mg (FTC), 2: Rilpivirine 25mg (RPV), 3: Tenofovir Feriamide fumarate 25 mg (TAE) see [Exhibit #-1-A]

7. Because the Odefsey Medication has the same two-drug combonation of the Complera Medication, It also has the same severe side effects. see [Exhibit #-1; Exhibit #-1-A.]

8. Prior to Comming to Apalachee C.I. East Unit I was properly Evaluated by a Specialist Doctor for HIV and Prescribed Medical Treatments to prevent Lipoatrophy and Severe weight loss of: Ensure High Protein Supplemental Drinks: Two (2) Cans x Three (3) times a day. Which also helps to repair muscle tissue and muscle deteriation. Which is documented in my Medical file, and are severe side effects of my chronic illness HIV, and of my Antiviral Medications Complera and Odefsey.

9. While Housed at Apalachee C.I. East Unit I have been seen by the Jackson County Health Department Specialist S. Streetman several times for my chronic illness HIV, who has Continually agreed with Plaintiff I should be Prescribed Ensure High Protein Supplemental Drinks because of my severe weight loss and Lipoatrophy from my chronic illness and the severe side effects of my Antiviral Medications. But her Supervisor DR. Sandling Speeding of the Jackson County Health Department claims they are only responsible to Prescribe my Antiviral Medication Odefsey, and she was not allowed to Prescribe the Ensure High Protein Supplemental Drinks documented in my medical file as on going medical Treatment. That DR. S. Hosseini and The medical Provider Centurion Health Services Inc, was responsible for all my medical treatments needed to alter the severe side effects of my chronic illness HIV, and the severe side effects of my Antiviral Medications above. That she could only recommend that to be prescribed to DR. S. Hosseini.

10. On dates: 6-28-2018, 7-10-18, 7-19-18, 8-2-18, 8-29-18, I timely submitted Sick call Request to renew the Ensure Supplemental Drinks. see [Exhibit #-33]

11. On 7-23-2018 I was seen by Nurse Carter

12. On 8-20-2018 I was seen by Nurse Murrell,

13. On 8-29-2018 I was seen by DR. S. Hosseini, and Nurse A. Swearingen.

14. On 8-31-2018 I was seen by Nurse A. Swearingen and Nurse K. Williams the Pharmacist.

15. On Each of the above dates I properly requested All of the above named Medical staff to Properly renew my prescribed Medical Treatment for Ensure High Protein Supplemental Drinks so I can Properly deal with the severe side effects of my chronic medical condition, and my Antiviral Medications. See [Exhibit #-1; Exhibit #-1-A]. Because of the above named officials Dereliction of Duties, I still did not receive my prescribed Medical Treatment for the Ensure drinks renewed that is documented in my medical file as a Pre-existing medical condition of weight loss and Lipoatrophy for Twenty (20) years

16. I am 5-11 Tall and weigh only 120lbs, which qualify me to be Prescribed the Ensure Drinks according to the Specialist S. Streetman from the DoH, and the Index Body mass chart. (I.B.M. chart) see [Exhibit #-1-B]

17. When I was seen by DR. Hosseini, and talked to him regarding my prescribed Medical Treatments and the Ensure High Protein Supplemental Drinks to gain and maintain my weight, I was unduly advised: "IT IS NOT ABOUT WHETHER PLAINTIFF NEEDED THE ENSURE SUPPLEMENTAL DRINKS AS A PART OF MY MEDICAL TREATMENT, IT IS ABOUT SAVING THE MEDICAL PROVIDER CENTURION HEALTH SERVICES MONEY... AND ACCORDING TO THEM AND THEIR POLICY WE ARE TOLD NOT TO PRESCRIBE THE ENSURE DRINKS TO CONTAIN COSTS AND MAXIMIZE ITS PROFITABILITY".

18. DR. Hosseini agreed with me Plaintiff should be prescribed the Ensure High Protein Supplemental Drinks as a part of my Medical Treatment for my chronic illness HIV to prevent weight loss and Lipoatrophy, and to repair muscle tissue and to Gain my weight back, and maintain that weight. But he is not allowed to prescribed them to me because of the custom, policies and Directions from Centurion Health Services Inc Policy Not to Prescribe them, which was the Moving force behind DR. Hosseini not prescribing them to me. That I needed to talk to MRS. S. Streetman from FDOH about Prescribing them to me. It is their responsibility for anything to do with my chronic illness HIV, and its side effects, and to Prescribe me the proper Medical Treatments and Medications, IT IS NOT HIS RESPONSIBILITY. Thereby Putting Plaintiff in "A CATCH 22 Position", and subjecting me to be "A TEST GUINYPIG" and cruel and unusual punishment violating my Eighth (8th) Amendment rights to Proper Medical Care

6.

*19. Plaintiff established that the response made by the Defendants DR. Hosseini to my medical needs of the Ensure High Protein Supplemental Drinks to Control the Lipoatrophy and weight loss was poor enough to constitute an unnecessary and wanton infliction of pain, and not merely accidental inadequacy, negligence in diagnosis or treatment, or even medical malpractice actionable Under State law.

*20. Plaintiff established an objectively serious medical need, one that if left unattended poses a substantial risk of serious harm, one that has been diagnosed by a Physician as mandating proper treatment, and one so obvious that even a lay person would easily recognize the necessity for a doctor's attention.

*21. DR. Hosseini and Centurion Health Services acted with an attitude of deliberate indifference by the awareness of facts from which the inference could be drawn that a substantial risk of serious harm exists and drawing of the inference.

*22. Plaintiff established an objectively serious medical need, an objectively insufficient response to that need, subjective awareness of facts signaling the need, and an actual inference of required action from those facts.

*23. Julie Cifanos has an obligation and responsibility to provide adequate medical care to Plaintiff/inmates, she knowingly entered into a Contract with Centurion Health Services Inc. to provide reasonable medical care to Plaintiff/inmates.

*24. Therefore, their is a Casual connection between them to provide adequate medical care to Plaintiff/inmates. A written Contract.

*25. Centurions Custom or policy directing the above Doctor's and nursing staff to delay and/or deny and/or alter and/or change and/or discontinue already prescribed medications and/or medical treatments prescribed in the inmates medical file by their employer named above, and not to prescribe the Ensure Supplemental Drinks to anyone, resulted in deliberate indifference to Plaintiff's Medical needs. The facts support an inference that the Supervisor (Centurion) directed the Subordinates Doctors/Nurses to act above unlawfully and/or knew that the subordinates would act unlawfully and failed to stop them from doing so in order to contain costs and maximize profitability.

*26. Plaintiff asserts that prison officials are obligated under the Eighth Amendment to provide prisoners with adequate medical care. This principle applies regardless of whether the medical care is provided by Government employees or by private medical staff under the contract with the government.

*27. Budget constraints do not excuse the above officials liability for inadequate medical care.

*28. It is Undisputed that DR. S. Hosseini the Physician and Medical Director of R.C.I. East Unit had the Ultimate responsibility for the diagnosis and medical treatment of Plaintiff pursuant to Section 5464.1012(3) Fla. Stat. (2003). Florida law does not permit Nurses or ARNPs to perform acts of medical diagnosis and treatments without supervision from the Doctor DR. Hosseini. See Section 5464.003(3) Fla. Stat. (2003). The medical record in this case is devoid of any testimony that DR. Hosseini ever looked at or checked Plaintiffs medical file reflecting Plaintiffs sick calls or visits with the above Nurses. He was the Supervisory Physician over the Nursing staff under Florida law. See Section 5458.348(1)(a) Fla. Stat. (2003).

*29. From 2-23-2017 to 12-3-2018 Plaintiff was injured and suffered from severe weight loss. I am 5'11, 120lbs, and now have severe Lipoatrophy in my face (sunken cheeks, hollow looking eyes) changing in my arms now being thinner, changes in my Buttox now being thinner, changes in my legs now being thinner, which are all severe side effects from my chronic illness and my prescribed Antiviral medications Complera and Odefsey. And would have been prevented with adequate medical care.

*30. CLAIM EIGHTH: DEFENDANTS: _____, BRENDA PATTERSON, R.D.L.D./N. LEAD PUBLIC HEALTH NUTRITION CONSULTANT, ANGELA GASKIN, BUREAU CHIEF, DELIBERATE INDIFFERENCE/INADEQUATE MEDICAL CARE, EIGHTH AND FOURTEENTH (8th AND 14th) AMENDMENT VIOLATIONS.

*31. In year 1998 Plaintiff was diagnosed with acquired immune deficiency syndrome, I was sent to Central Florida Reception Center (C.F.R.C.) in Orlando Florida to see several specialist and Doctors for the medical treatment, including, but not limited to (DR. Mutch, DR. Prochet, DR. Rachtine, The Two Specialist Doctors (John Doe #1, John Doe #2) started me on Antiretroviral Medications and Prescribed me as a part of my medical treatment a *4000 calorie Regulated Diet to prevent weight loss and Lipoatrophy, which are severe side effects of my chronic illness and the Antiretroviral Medications. I have been properly prescribed a 4000 calorie Regulated Diet since year 1998 for Twenty (20) years to prevent weight loss and lipoatrophy.

7.

32. Plaintiff was housed at Apalachee CI, East Unit. During my Medical clinic to renew my 4000 calorie Diet Pass I was seen by DR. S. Hosseini the Medical Director. I was informed the Florida Department of Corrections Secretary Julie L Jones, Brenda Patterson the Lead Health Nutrition Consultant, and Angela Gaskin, the Bureau Chief, DISCONTINUED THE 4000 CALORIE REGULATED DIET OFF OF THE DIET PRESCRIPTION ORDER", In order to contain cost and save FDOC money.

33. The 4000 calorie Regulated Diet Consisted of: Double Portions of the Main Entree, and 1/2 Portion extra of Vegetables, and Three (3) Snack Sandwiches, one with each meal (two (2) Peanut butter sandwiches, and one (1) cheese Sandwich) From Year 1998 until 2018 when the 4000 calorie Regulated Diet was Discontinued. I have been on a 4000 calorie Diet for Twenty (20) Years.

34. DR. Hosseini agreed with me I should be prescribed a 4000 calorie regulated diet as a part of my medical treatment for my chronic illness HIV to prevent Lipoatrophy, weight loss, and to gain my weight back. But he could not prescribe the 4000 calorie Diet as the above named officials Discontinued the 4000 calorie regulated diet off of the Diet Prescription order.

35. Discontinuing the 4000 calorie diet off of the Diet Prescription Order, is a threat to my good health as I am 5-11 Tall, 120 lbs and I qualify for the 4000 calorie diet for Twenty (20) Years according to my chronic illness and the Body Index Body mass chart (I.B.m. chart) see [Exhibit" I-B].

36. Julie L. Jones, Brenda Patterson and Angela Gaskin are fully aware of the Serious Medical need of the 4000 calorie Regulated Diet with the extra food for inmates that have chronic illnesses (AIDS/HIV) so they can gain their weight back and/or maintain their weight so their weight is not lost, and to prevent lipoatrophy which is a serious side effect of their medical conditions, and side effects of the Antiretroviral Medications Prescribed.

37. The Regular food trays that are presently served are suppose to be based on a 2000 Calorie Regulated Diet, and is not enough food and calories to maintain and/or gain weight back once it's lost. And the Food Service Director directs the inmates to "SHAKE THE SPOON ON THE PORTIONS OF THE FOOD", so there is not 2000 calories of food on the trays to contain cost and save money for FDOC.

38. Plaintiff established that the response made by the above Defendants by Removing the 4000 calorie Regulated Diet off of the Diet Prescription order that is needed to maintain Good health because of their chronic illness was poor enough to constitute an unnecessary and wanton infliction of pain, and not merely accidental inadequacy, negligence in diagnosis or treatment, or even medical malpractice actionable under State law.

39. Plaintiff established an objectively serious medical need, one that, if left unattended poses a substantial risk of serious harm, one that has been diagnosed by a Physician as mandating treatment, and one so obvious that even a lay person would easily recognize the necessity for a doctors attention.

40. Julie Jones, Brenda Patterson and Angela Gaskin acted with an attitude of deliberate indifference by the awareness of facts from which the inference could be drawn that a substantial risk of serious harm exists to the inmates with chronic illnesses that were on the 4000 calorie diet by Removing the 4000 calorie diet off of the Diet Prescription Order and drawing of the inference.

41. Plaintiff established an objectively serious medical need, an objectively insufficient response to that need, subjective awareness of facts signaling the need, and an actual inference of required action from those facts.

42. The Eighth Amendment imposes duties on Prison officials who must provide humane Conditions of Confinement. Prison officials must ensure that inmates receive adequate food and Medical Care, But gratuitously allowing the Dis continuing of a prescribed Medical diet needed to maintain weight, prevent Lipoatrophy and maintain Good Health serves no legitimate penological objective but to contain costs to make a higher Profit.

43. Julie Jones, Brenda Patterson and Angela Gaskin have the responsibility to provide reasonable, adequate medical care to Plaintiff/inmates by properly providing needed special diets for their chronic illnesses and proper medical care. And they were all deliberate indifferent to Plaintiff's medical needs by Discontinuing the 4000 Calorie Regulated Diet off of the Diet Prescription Order.

44. Plaintiff was injured because I was taken off of the 4000 Calorie Diet. I now have severe weight loss. I am 5-11 Tall, and weigh only 117 lbs. And Now Suffering from severe Lipoatrophy in my face (sunken cheeks, hollow looking eyes) changes in my arms now being thinner, changes in my Buttox being thinner, changes in my legs being thinner, and loss of muscle which are all

8.

Severe side effects from my chronic illness and my prescribed Antiretroviral medications after the above Defendants Discontinued the 4000 calorie Regulated Diet off of the Diet Prescription Order which was helping to prevent these problems and side effects. See [Exhibit #34]

45. VI. STATEMENT OF CLAIMS:

46. Plaintiff realleges and incorporates by reference paragraphs: 1-44, supra, as Substantial/material fact evidence in support of this 42 U.S.C. § 1983 Third Amended civil rights complaint.

47. AMENDMENTS TO THE CONSTITUTION OF THE UNITED STATES OF AMERICA.

48. AMENDMENT VIII: (EIGHTH/8th)

Excessive bail shall not be required, nor excessive fines imposed, nor cruel and unusual punishment inflicted.

49. AMENDMENT XIV: (FOURTEENTH/14th)

Section 1. All persons born or naturalized in the United States and subject to jurisdiction thereof, are citizens of the United States and of the state wherein they reside. No state shall make or enforce any law which shall abridge the privileges or immunities of citizens of the United States; nor shall deprive any person of life, liberty or property without due process of law nor deny any person within its jurisdiction the equal protection of the laws.

50. Plaintiff established an Eighth and Fourteenth Amendment claim.

51. Plaintiff established an objectively serious medical need, one that, if left unattended poses a substantial risk of serious harm to his health. See [Third Amended Complaint, supra. N#: 2-3, 9, 16-18, 26-29, 31-35, 39-44]

52. Plaintiff established a Serious Medical need, one that has been diagnosed by a Physician as mandating treatment or one that is so obvious that even a lay person would easily recognize the necessity for a doctors attention. See [Supra. N# 3, 9, 16-18, 26-29, 31-35, 39-44]

53. Plaintiff established that the response made by the medical official to his medical need was poor enough to constitute "an unnecessary and wanton infliction of pain," and not merely accidential in adequacy, negligence in diagnosis or treatment or even Medical Malpractice actionable under State law. See [Supra. N# 9-22, 29, 32, 34, 36-44]

54. Plaintiff established the official acted with an attitude of deliberate indifference by awareness of facts from which the inference could be drawn that a substantial risk of serious harm exists and drawing of the inference, see [Supra. N# 3, 9, 11-18, 21-27, 29, 31-44]

55. Plaintiff established an objectively insufficient response to that medical need. See [Supra. N# 9-27, 29, 32-34]

56. Plaintiff established subjective awareness of facts signaling the medical need. See [Supra. N# 3, 9-29, 31-44]

57. Plaintiff established an actual inference of required action from these facts. See [Supra. N# 3, 9-29, 31-44]

58. Plaintiff was injured as a result of the officials deliberate indifference to his medical needs. See [Supra. N# 16-29, 35, 44]

59. Plaintiff thus has sufficiently established and stated an Viable Eighth and Fourteenth Amendment claim above supra.

60. Plaintiff respectfully request the Court to answer/resolve the following Questions presented which are the issue of this Complaint.: QUESTIONS PRESENTED:

61. QUESTION ONE:

UNDER THE EIGHTH AND FOURTEENTH AMENDMENT RIGHTS TO ADEQUATE MEDICAL CARE WHO HAS THE RESPONSIBILITY TO PRESCRIBE MEDICAL TREATMENT OF ENSURE HIGH PROTEIN SUPPLEMENTAL DRINKS TO PREVENT SEVERE WEIGHT LOSS AND LIPOATROPHY WHICH ARE SEVERE SIDE EFFECTS OF PLAINTIFFS CHRONIC ILLNESS HIV, THE FLORIDA DEPARTMENT OF CORRECTIONS (FDOC) THEIR MEDICAL SUBCONTRACTOR CENTURION HEALTH SERVICES, INC, OR THE FLORIDA DEPARTMENT OF HEALTH (FDOH)?

62. QUESTION TWO:

DOES PLAINTIFF HAVE A EIGHTH AND FOURTEENTH AMENDMENT RIGHT TO RECEIVE A 4000 CALORIE REGULATED DIET TO PREVENT SEVERE WEIGHT LOSS AND LIPOATROPHY WHICH ARE SIDE EFFECTS OF HIS CHRONIC ILLNESS HIV AND HIS ANTIVIRAL MEDICATIONS AS A SPECIALIST CERTIFIED IN THIS MEDICAL TREATMENT PRESCRIBED?

9.

63. **QUESTION THREE:**
Under the Eighth and Fourteenth Amendment rights to adequate medical care is Plaintiff entitled to be prescribed a special diet of 4000 calories and Ensure high protein supplemental drinks to prevent severe weight loss and lipoatrophy and to help repair muscle tissue and muscle deterioration which are severe side effects of Plaintiff's chronic illness?

64. **VII: RELIEF SOUGHT:**

65. Plaintiff respectfully request that this Court enter judgment granting Plaintiff the relief requested:

66. A declaration that the acts or omissions described herein violated Plaintiff's rights under the Constitution and laws of the United States.

67. Compensatory damages in the amount of $5,000,000.00 against each defendant jointly and severally

68. Punitive damages in the amount of $5,000,000.00 against each defendant jointly and severally

69. Mental and Emotional damages in the amount of $5,000,000.00 against each defendant jointly and severally.

70. A jury trial on all issues/claims triable by jury.

71. Plaintiffs cost in this suit

72. Any additional relief this Court deems just, proper and equitable.

73. An opportunity to amend this Third Amended §1983 complaint and the relief requested to correct any deficiencies.

74. To Appoint Counsel to assist Plaintiff in this suit.

75. Any other relief this Court finds just and proper to best serve the ends of Justice.

76. That Pursuant to *Haines v. Kerner*, 92 S.Ct. 594, 596 (1972) that as a pro-se litigant that I not be held to the strictest standards as that expected of a attorney skilled and trained in law, to please allow me some degree of latitude in the filing of this Third Amended §1983 civil complaint, that any mistakes or deficiencies included herein are not deliberate or intentional. As I have done my best to follow this Honorable Court's Orders and directions in the filing of this Third Amended Complaint. Plaintiff is not a law clerk, Jailhouse Lawyer nor a certified Paralegal, and has not been able to obtain any assistance from the law clerk at this Correctional Institution. If there are any deficiencies in the filing or the contents of my claims, please direct me to file another amended complaint to correct them.

WHEREFORE, Plaintiff respectfully prays that this Honorable Court to enter judgment granting Plaintiff the above relief requested and an opportunity to move forward and prove his above claims through discovery and testimonies. It is so prayed.

**UNNOTARIZED OATH**

I hereby declare, under penalty of perjury that the foregoing statement of facts, including all continuation paper are true and correct pursuant to 28 U.S.C. § 1746.

Respectfully Submitted,
/s/

**CERTIFICATE OF SERVICE**

I hereby declare, under penalty of perjury that this Third Amended §1983 complaint was delivered to prison officials for mailing on the 10-19-20 pursuant to the "mailbox Rule", see *Houston v. Lock*, 108 S.Ct. 2379, 2382 (1988)

Respectfully Submitted,
/s/

Date: 10-19-20

Wayne Whittaker #887625 Pro-se
Tomoka Correctional Institution
3950 Tiger Bay Road
Daytona, Florida 32124-1028

